The Honorable John C. Coughenour

FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 12 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBEL KELETA GOITOM,<br><br>Defendant. | NO. CR17-132 JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Jessica M. Manca, Special Assistant United States Attorney for said District, Robel Keleta Goitom, and his attorney, Bruce Erickson, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Superseding Indictment.

    a. *Felon in Possession of a Firearm*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1); and

    b. *Bank Fraud*, as charged in Count 2, in violation of Title 18, United States Code, Sections 1344(1) and (2).

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Pursuant to this agreement, the United States will move to dismiss Counts 3-13 of the Superseding Indictment at sentencing.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

(1) The defendant knowingly possessed a firearm;

(2) At the time he possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(3) The firearm had been shipped or transported in interstate or foreign commerce.

The elements of *Bank Fraud*, in violation of Title 18, United States Code, Sections 1344(1) and (2), are as follows:

(1) The defendant knowingly executed a scheme to defraud a financial institution as to a material matter;

(2) The defendant did so with the intent to defraud the financial institution; and

(3) The financial institution was insured by the Federal Deposit Insurance Corporation.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Felon in Possession of a Firearm*, as charged in Count 1, are as follows: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a $100 mandatory special assessment.

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       Defendant understands that the statutory penalties applicable to the offense of *Bank Fraud*, as charged in Count 2, are as follows: A maximum term of imprisonment of up to 30 years, a fine of up to $1,000,000, a period of supervision following release from prison of up to 5 years, and a $100 mandatory special assessment.

      If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

      Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

      Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

      Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

      Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.   The right to plead not guilty and to persist in a plea of not guilty;

    b.   The right to a speedy and public trial before a jury of his peers;

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Restitution.** Defendant shall make restitution to Saar's Super Saver Foods in the amount of $2,851.74, with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offenses of *Felon in Possession of a Firearm* and *Bank Fraud*:

a. On February 22, 2017, in the City of Lynnwood, within the Western District of Washington, defendant Robel Keleta Goitom was arrested for driving under the influence. His car, a silver BMW bearing license plate BCZ2200, was impounded to a tow yard.

b. While conducting an impound search of the BMW, a tow yard employee located a firearm in the glovebox. The firearm was a 9mm caliber Springfield Armory XDM-9 semiautomatic handgun bearing serial number MG753603, and it was loaded with 18 rounds of 9mm

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

caliber ammunition. Mr. Goitom's fingerprint was found on the magazine.

c. The 9mm handgun was not manufactured in the state of Washington and therefore had been shipped or transported in interstate or foreign commerce prior to being possessed by Mr. Goitom.

d. Prior to possessing the 9mm handgun, Mr. Goitom had been convicted of a crime punishable by a term of imprisonment exceeding one year, that is, *Assault in the Third Degree*, on February 12, 2015, in Snohomish County Superior Court, under cause number 14-1-01486-9.

e. Investigators searched Mr. Goitom's car pursuant to a search warrant. In addition to the handgun, the investigators found nine (9) counterfeit access devices. The devices had been encoded such that the account information on the magnetic stripes did not match the account information on the front of the cards.

f. Beginning at a time unknown, but continuing through at least December 19, 2016, Mr. Goitom was engaged in a scheme and artifice to defraud JPMorgan Chase Bank and other financial institutions by obtaining bank account numbers, debit card numbers, and PINs, without the knowledge or authorization of the account holder, and by using these stolen access devices to purchase goods, services, gift cards, and money orders from commercial establishments.

g. Mr. Goitom executed this scheme and artifice to defraud by using J.K.G.'s debit card number and PIN, without her authorization or knowledge, to purchase $2,851.74 worth of money orders on or about December 18, 2016. The money for these purchases was drawn from J.K.G.'s JPMorgan Chase Bank account.

h. By using J.K.G.'s debit card number and PIN to make unauthorized purchases, Mr. Goitom intended to defraud a financial institution, specifically, JPMorgan Chase Bank, which is currently insured by the Federal Deposit Insurance Corporation and was so insured at the time of these unauthorized purchases.

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

i. The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.       Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

- A base offense level of 20 is applicable to Count 1, pursuant to USSG § 2K2.1(a)(4)(B), because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentencing Recommendation.** The parties agree to jointly recommend a sentence of 24 months imprisonment, followed by three (3) years of supervised release.

12. **Forfeiture of Firearms and Contraband**. Defendant also agrees that if any law enforcement agency seized any firearms or other illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. **Other Consideration.** It is the understanding of the parties that, if Defendant enters into this agreement with the United States, the King County Prosecutor's Office will ask the King County Superior Court to close the case prosecuted under cause number 15-1-07362-8 SEA and quash the existing warrant.

It is also the understanding of the parties that, if Defendant enters into this agreement with the United States, there will be no civil forfeiture of the defendant's vehicle, a 2009 BMW bearing license plate BCZ2200, by the Kirkland Police Department. Defendant understands that the Kirkland Police Department is agreeing to forego civil forfeiture of the vehicle solely because of the promises made by Defendant in this Agreement.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Counts 3-13 of the Superseding Indictment. The United States Attorney's Office for the Western District of Washington also agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

18. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 12th day of March, 2018.

_____
ROBEL KELETA GOITOM
Defendant

_____
BRUCE ERICKSON
Attorney for Defendant

_____
TODD GREENBERG
Assistant United States Attorney

_____
JESSICA M. MANCA
Special Assistant United States Attorney

*United States v. Robel Keleta Goitom*, CR17-132 JCC
PLEA AGREEMENT - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970