The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBEL KELETA GOITOM,

Defendant.

NO. CR17-132 JCC

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Robel Keleta Goitom comes before the Court for sentencing after pleading guilty to one count of being a *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1), and one count of *Bank Fraud*, in violation of Title 18, United States Code, Sections 1344(1) and (2). The United States, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Jessica M. Manca, Special Assistant United States Attorney for said District, respectfully asks the Court to follow the joint recommendation of the parties and Probation and impose a sentence of 24 months imprisonment, followed by three years of supervised release.

United States believes that a 24-month sentence, combined with federal supervision, substance abuse treatment, and moral recognition therapy, appropriately

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

balances the aggravating and mitigating factors of these offenses and Robel Goitom's personal background, as explained in greater detail below.

## I.   FACTUAL BACKGROUND

### A.   The Bank Fraud Scheme.

In early 2016, investigators in King County began to gather evidence about an extensive credit card fraud scheme perpetrated by numerous individuals, known and unknown, throughout the Puget Sound region. The scheme involved purchasing stolen customer bank account numbers and personal identification numbers (PINs) through the internet,[1] and encoding the stolen bank account numbers onto the magnetic stripes of counterfeit access devices. The names and account numbers embossed on the front of the access device did not match the name and account number that were encoded on the card's magnetic stripe:



In other words, "Ricardo Augustin" was not the bank account holder, and "4293 9384 3564 0145" was not the bank account number encoded on the magnetic stripe of this counterfeit VISA/Chase debit card.

---

[1] "The building blocks for identity theft are for sale on the dark web, a hidden part of the internet that people access through special browsers such as Tor, I2p and Freenet." CNBC, "The dark web is a fraudster's bargain-hunting paradise," https://www.cnbc.com/2018/06/29/the-dark-web-is-a-fraudsters-bargain-hunting-paradise.html (last visited July 3, 2018).

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Conspirators would often emboss their own names on the counterfeit access devices. During a fraudulent transaction, when a cashier checked the conspirator's identification as a security measure, the conspirator's name matched the name on the front of the counterfeit access device.

Counterfeit access devices and stolen bank account numbers have been used to purchase hundreds of thousands of dollars in gift cards and money orders at stores like QFC, Fred Meyer, Bartell Drugs, and Saar's Super Saver Foods. Conspirators would also use automated teller machines (ATMs) to check the account balances for stolen bank account numbers, before taking using the stolen bank account numbers to make fraudulent purchases.

In early 2017, Robel Goitom was identified as a likely participant in this scheme after investigators found him in possession of multiple counterfeit access devices and a fraudulent New Jersey state driver's license in the name "Hobel Gobo." Through further investigation, Detective Hill identified numerous fraudulent gift card purchases at QFC and Fred Meyer that were associated with either Goitom's Washington state driver's license number or the New Jersey driver's license for "Hobel Gobo."

**B.     The Relevant Offense Conduct on February 22, 2017.**

On February 22, 2017, a 911 caller reported a BMW driving erratically on Interstate-5, near Lynnwood, Washington. The Washington State Patrol responded to investigate the driver and registered owner of the vehicle, Robel Goitom. Goitom was arrested for driving under the influence, driving with a suspended license, and driving without an ignition interlock device, and his BWM was impounded under Washington's mandatory impound law.

During an inventory search of the vehicle, the impound lot owner discovered a loaded Glock handgun in the BMW's glove compartment. The owner notified law enforcement, who obtained a search warrant for the vehicle and recovered the handgun from the glove compartment. Goitom's latent fingerprints were identified on the handgun.

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Detectives also recovered nine counterfeit access devices from the BMW, some of which were in Robel Goitom's name, and some of which had no names embossed on the cards at all. None of the bank account numbers on the front of the cards matched the bank account numbers encoded on the cards' magnetic stripes. All of the bank account numbers had been stolen.

Only one of the stolen bank account numbers had sustained a fraud loss. That account belonged to J.K.G., who lives in New York City. When J.K.G. saw the fraudulent transaction in the amount of $2,851.74, she notified her bank, J.P. Morgan Chase. The bank verified the fraud, refunded the money back to J.K.G.'s account, and charged the fraud loss back to the merchant.

J.K.G.'s bank records showed that the fraudulent transaction had taken place on December 18, 2016, at Saar's Super Saver Foods in Renton, Washington. Her stolen bank account number and PIN had been used to purchase $2,851.74 in money orders. Surveillance video showed Robel Goitom checking J.K.G.'s account balance at an ATM shortly after the transaction at Saar's.

## II.   PROCEDURAL HISTORY

On May 3, 2017, a grand jury indicted Goitom on one count of being a felon in possession of a firearm on February 22, 2017. Dkt. No. 11. Around the same time, Snohomish County District Court charged Goitom with misdemeanor offenses of driving under the influence, driving with a suspended license, and driving without an ignition interlock device arising out of the same February 22nd incident.

On October 18, 2017, the grand jury returned a superseding indictment charging Goitom with additional counts of bank fraud and aggravated identity theft related to his use and attempted use of victim J.K.G.'s financial information. Dkt. No. 23.

Goitom pleaded guilty in this case on March 12, 2018. Through a global agreement, Goitom was transferred to Snohomish County in May 2018 to resolve his pending driving offenses. He pleaded guilty to those offenses, sentence was imposed, and Goitom returned to federal custody for sentencing in this Court. In Snohomish

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

County, the sentencing judge recommended that the Snohomish County matters run concurrently to any sentence imposed in this federal case. The government joins in that recommendation.

### III.  STATUTORY PENALTIES

The offense of *Felon in Possession of a Firearm* carries a maximum penalty of 10 years imprisonment, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory $100 special assessment. PSR ¶¶ 81, 88.

The offense of *Bank Fraud* carries a maximum penalty of 30 years imprisonment, a fine of up to $1,000,000, a period of supervision following release from prison of up to five years, and a mandatory $100 special assessment. PSR ¶¶ 81, 83, 87-88.

### IV.  THE SENTENCING GUIDELINES CALCULATION

The United States agrees with Probation that Goitom's total offense level (after acceptance of responsibility) is 17. PSR ¶¶ 14-34. The government also agrees that Goitom has 10 criminal history points, which places him in Criminal History Category V. PSR ¶¶ 36-45. Consequently, the government agrees that Goitom's Sentencing Guideline range is 46 to 57 months in custody. PSR ¶ 82.

### V.  RESTITUTION

Pursuant to the plea agreement, the parties request that the Court order restitution in the amount of $2,851.74, to Saar's Super Saver Foods. This is the amount of the fraudulent bank transaction charged in Count 2 of the superseding indictment. This amount was withdrawn from victim J.K.G.'s J.P. Morgan Chase bank account to purchase money orders at Saar's Super Saver Foods in Renton, Washington. When J.K.G. reported the fraud, J.P. Morgan Chase refunded the money to her account and charged the loss back to the merchant, that is, Saar's Super Saver Foods.

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VI. THE UNITED STATES SENTENCING RECOMMENDATION

The government shares Probation's concern about Goitom's escalating pattern of criminal activity and his risk of recidivism. Probation Sentencing Recommendation at 3. In 2016 and early 2017, Goitom had no legitimate employment. Instead, he was stealing quick and easy money from the bank accounts of innocent strangers. While he was involved in this bank fraud scheme, he was also abusing alcohol, unlawfully carrying firearms, and associating with dangerous criminal co-conspirators.

There are red flags in Goitom's criminal history. Almost all of his prior convictions involved angry outbursts or substance abuse, and Goitom has been sanctioned for probation violations in several of his prior cases. PSR ¶¶ 36, 38-40. It is particularly troubling that Goitom was arrested for this felony firearm offense while he was pending trial for another felony firearm offense. PSR ¶ 43. Goitom's future success will depend largely on whether he finally commits to conditions of supervision, including substance abuse treatment, and avoids new law violations.

These concerns notwithstanding, the parties joint sentencing recommendation also recognizes the mitigating factors in this case. First, the government agrees with the defense that Goitom's guideline sentencing range is somewhat overstated. Goitom receives two additional Criminal History Category points from the Snohomish County misdemeanor sentence that arises from this same incident. PSR ¶ 44. Those two additional points move Goitom from a Criminal History Category IV (with a sentencing range of 36 to 47 months) to a Criminal History Category V (with a sentencing range of 46 to 57 months).

Second, Goitom's criminal history, although extensive, consists primarily of misdemeanor offenses with short periods of incarceration. Before this case, Goitom's lengthiest prior sentence was 60 days for a probation violation. PSR ¶ 38. In this context, a 24-month prison sentence is a proportional increase that affords adequate deterrence and provides just punishment for the offense.

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Third, the parties' joint sentencing recommendation accounts for Goitom's personal history and characteristics, which include his painful struggles with substance abuse, racism, and other childhood trauma. PSR ¶¶ 59-63. The government is also aware that, shortly before this incident, Goitom was brutally beaten by two of his acquaintances and barely escaped that encounter with his life. PSR ¶ 66. After that incident, Goitom has a strong personal reason to move away from the criminal lifestyle that almost killed him.

2.  The combination of a near-death experience, two years of imprisonment, three years of federal supervised release, substance abuse treatment, moral recognition therapy, and educational opportunities could be a powerful force for change in Goitom's life. Ultimately, Goitom is the only person who will decide whether 2017 was a genuine turning point for him. On balance, and for the forgoing reasons, the government agrees with the defense and Probation that a 24-month sentence is sufficient but no greater than necessary to effect the goals of sentencing in this case.

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VIII.  CONCLUSION

The United States respectfully asks the Court to follow the joint recommendation of the parties and Probation and sentence Goitom to 24 months imprisonment, followed by three years of supervised release. The United States also asks the Court to impose the conditions set forth in the Presentence Report.

DATED this 3rd day of July, 2018.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Jessica M. Manca*
JESSICA M. MANCA
Special Assistant United States Attorney
United States Attorney's Office

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I have electronically filed the foregoing with e Clerk of the Court using the CM/ECF system that will send notification of such filing to the attorney of record for the defendant.

/s/ Becky Hatch
BECKY HATCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Fax: (206) 553-0755
Email: Becky.Hatch@usdoj.gov

*United States v. Goitom*, CR17-132 JCC
Government's Sentencing Memorandum - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970