The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBEL KELETA GOITOM,<br><br>Defendant. | NO. CR17-132 JCC<br><br>**GOVERNMENT'S MEMORANDUM REGARDING DISPOSITION OF SUPERVISED RELEASE**<br><br>Hearing: June 13, 2023 at 9:00 a.m. |

    This supervised release proceeding has less to do with violations requiring revocation, and more to do with Probation's general concern about Goitom's activities and associations. A person can engage in a wide range of conduct that raises red flags and appears ill-advised without rising to the level of a violation justifying revocation.

    Goitom's first term of supervised release went poorly. In 2019, he was arrested for a hit-and-run collision, then soliciting a prostitute, then illegally possessing a firearm and threatening bouncers at a nightclub in downtown Seattle. His second term of federal supervision commenced in March 2022, and, fortunately, this second term has gone

Government's Memorandum Regarding Supervised Release - 1
*United States v. Goitom* / CR17-132 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

better than the first. Nevertheless, Probation has several legitimate concerns about Goitom's conduct on supervised release.

To begin, Goitom was shot on July 19, 2022. This event likely occurred at The Mint Nightclub in downtown Seattle, where a shooting was reported that evening, although Goitom declined to tell police where he was shot. Goitom had $7,000 cash with him when he was admitted to Harborview. In the months that followed, Goitom's car was observed in areas known for drug activity, and Goitom was trespassed from a casino in Shoreline for being "intoxicated and unruly." Dkt. 123, p. 3. Goitom has a well-documented, longstanding alcohol abuse issue and is prohibited from drinking alcohol on supervision.

After the Shoreline incident, Probation referred Goitom to Moral Reconation Therapy (MRT). Goitom previously completed the federal MRT program in 2019, before he committed several felonies and was incarcerated in King County Jail for two years. Goitom argued that he should not have to complete the MRT program a second time but reluctantly acquiesced to Probation's directive.

During his first MRT session, Goitom logged into the Zoom meeting while driving. Goitom is unable to work because of the gunshot injury to his arm, yet believed himself able to both drive and participate in MRT simultaneously. The MRT instructor told him he should not be driving while he is participating in MRT. Even so, Goitom logged into the next session while he was a passenger in a moving vehicle. Because of these issues, Probation instructed Goitom to be at home during his MRT sessions, which occurred from 5-6 p.m. on Wednesday evenings. Goitom objected to Probation's instruction and asked to address the issue with the Court. He has been fully compliant with MRT since his initial appearance on May 5, 2023.

Finally, Probation notes that Goitom has not been employed for the past 13 months. He has offered various reasons for his inability to find employment, including his obligations to attend substance use disorder treatment and the physical limitations

Government's Memorandum Regarding Supervised Release - 2
*United States v. Goitom* / CR17-132 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

caused by his gunshot injury. Goitom is likely more capable of education and employment than he purports to be, but perhaps not. Probation's overarching concern is that, despite the physical limitations that prevent him from working, Goitom is rarely at home. He appears to have no difficulty driving, socializing with friends, and visiting a casino.

The government does not believe that Goitom's conduct justifies revocation. Still, it would be a mistake for Probation, the Court, or the government to ignore these red flags and miss the opportunity to address Goitom about his conduct on supervised release and overall life choices. Before his sentencing hearing in July 2018, Goitom submitted a lengthy statement to the Court, along with a detailed "Path to success after release." Dkt. 47, Ex. 1, 3. He is now 34 years old, with a lot of his life still ahead of him, but he is at risk of forgetting his path to success and allowing the years to pass him by.

DATED this 8th day of June, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Jessica M. Manca*
JESSICA M. MANCA
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0882
E-mail: Jessica.Manca@usdoj.gov

Government's Memorandum Regarding Supervised Release - 3
*United States v. Goitom* / CR17-132 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970